IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE D. JOHNSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 03-0641-CG-L |
| ) | |
| **SOUTHERN ENERGY HOMES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the court on defendant Southern Energy Homes, Inc.'s ("Southern Energy") motion for summary judgment, brief in support, related evidentiary filings, plaintiffs' response and supporting exhibits, and defendant's reply. (Docs. 66, 67, 69, 70, 71, 72). The motion for summary judgment is due to be granted.

**I.    BACKGROUND**

On September 16, 1998, plaintiffs purchased a mobile home from Sanderson Group, Inc. which was manufactured by defendant Southern Energy.[1] (Doc. 85). The Johnsons took delivery of the home in December 1998. Id. At the request of the Johnsons, Southern Energy performed warranty work on the home on four separate occasions: on June 4, 1999; August 10, 1999; July 10-12, 1999; and August 2, 2001. Id. The repairs did not remedy the problems with the home, and the home suffered from water intrusion. (Doc. 70). Plaintiffs assert claims for personal injury stemming

---

[1] All claims against Sanderson Group, which sold and installed the mobile home, have been compelled to arbitration. (Doc. 59).

1

from health complications alleged to result from the water intrusion and resultant mold as well as claims for breach of warranty.  (Doc. 1).

There is no contract between Southern Energy and plaintiffs.  Id.  Plaintiffs' claims against Southern Energy stem instead from a five-year limited warranty on the home.  Id.

## II.     SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  As succinctly stated by the Eleventh Circuit:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir.1991) (citation omitted).  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir.2001).  In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002).  The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 33 (1995).

In opposing a motion for summary judgment, "a party may not rely on his

> pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Eng'rs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599. The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. Id. at 323, 106 S.Ct. at 2552.

### III. DISCUSSION

Southern Energy argues first that all claims in this action are due to be dismissed as being filed after the expiration of the applicable statutes of limitation. (Doc. 66). The parties agree that, pursuant to ALA. CODE § 7-2-725 (1975), a four-year statute of limitations applies to express and implied warranty claims. (Docs. 67, 70). Defendant claims that four-year period began to run upon delivery of the home, or December 1998, while plaintiff contends that the cause of action did not accrue until after the expiration of the warranty or, in the alternative, that Southern Energy is estopped from asserting a statute of limitations defense. Id.

ALA. CODE § 7-2-725 (1975) states, in part:

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of

3

>   delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.

There are two exceptions to the general rule as to when a cause of action accrues. Both are listed in the statute, and hold that the cause of action does not accrue upon delivery (1) "where a warranty explicitly extends to future performance" and that (2) "damages for injury to the person in the case of consumer goods shall accrue when the injury occurs".

>   1.   Exceptions to the rule that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach

>>   A.   Whether the warranty explicitly extends to future performance

The warranty stated that it "cover[ed] only those defects which become evident within the applicable warranty period". (Doc. 72, Exh. 2). Accordingly, it did not explicitly extend to future performance, and the first exception does not apply. See, e.g., Tittle v. Steel City Oldsmobile GMC, 544 So.2d 883, 889 (Ala. 1989) quoting Ontario Hydro v. Zallea Systems, Inc., 569 F.Supp. 1261, 1266 (D. Del. 1983) ("[T]he key distinction between these two kinds of warranties is that a repair or replacement warranty merely provides a *remedy* if the product becomes defective, while a warranty for future performance *guarantees the performance* of the product itself for a stated period of time.").

>>   B.   Whether the mobile home is a "consumer good"

The Alabama Supreme Court has held that mobile homes are consumer goods. See, e.g., Liberty Homes, Inc. v. Epperson, 581 So.2d 449, 453 (Ala. 1991) citing Brigadier Homes, Inc. v. Thompson, 551 So.2d 1031 (Ala. 1989).

  2. <u>Application of the exceptions on the fact of this case</u>

   A. <u>Warranty claims</u>

  Plaintiffs' claims fall into two general categories: warranty claims and personal injury claims. Neither exception applies to the warranty claims, because the warranty does not extend to future performance and because the second exception deals only with personal injury claims, not warranty claims. Accordingly, the cause of action for the warranty claims accrued at the time of delivery pursuant to A<small>LA</small>. C<small>ODE</small> § 7-2-725 (1975). As plaintiffs' claims were admittedly filed after four years from the date of delivery, plaintiffs' warranty claims are time-barred and summary judgment is due to be granted unless defendant is estopped from asserting A<small>LA</small>. C<small>ODE</small> § 7-2-725.

  Plaintiffs cite <u>Tittle v. Steele City Oldsmobile</u>, 544 So.2d 883 (Ala. 1989) for the proposition that the defendant is estopped from asserting a statute of limitations defense "based on the issuance of the five (5) year warranty and the attempted repair through September[] 2001". (Doc. 70). The <u>Tittle</u> Court did not decide that the defendants therein were estopped from asserting a statute of limitations defense, but instead held that a fact issue existed as to whether an agent of the defendants made a statement that plaintiff reasonably relied upon in delaying the filing of the lawsuit. Here, no specific statements have been alleged, but rather plaintiffs rely upon the fact that defendant made attempts at repair that were required pursuant to the applicable warranty. The court does not understand <u>Tittle</u> to hold that a reasonable jury could construe required repair attempts as being performed in return for a promise not to sue. Accordingly, the court finds defendant is not estopped from asserting its valid statute of limitations defense as to the warranty claims.

B.  Personal injury claims

Plaintiffs argue that a two-year statute of limitations applies to the personal injury claims.[2] Defendant argues that plaintiffs' personal injury claims are governed by the one-year statute of limitations set forth in ALA. CODE § 6-5-502. Plaintiffs concede that their personal injury claims were filed later than one year after the causes of action accrued, but argue that the claims were filed within two years of the date the causes of action accrued. (Doc. 70).

ALA. CODE § 6-5-502 states, in pertinent part:

**§ 6-5-502. Limitation periods for product liability actions.**

(a) All product liability actions against an original seller must be commenced within the following time limits and not otherwise:

> (1) Except as specifically provided in subsections (b), (c), and (e) of this section, within one year of the time the personal injury, death, or property damage occurs; and
> (2) Except as specifically provided in subsections (b), (c), and (e) of this section, each element of a product liability action shall be deemed to accrue at the time the personal injury, death, or property damage occurs;

(b) Where the personal injury, including personal injury resulting in death, or property damage (I) either is latent or by its nature is not discoverable in the exercise of reasonable diligence at the time of its occurrence, and (ii) is the result of ingestion of or exposure to some toxic or harmful or injury-producing substance, element or particle, including radiation, over a period of time as opposed to resulting from a sudden and fortuitous trauma, then, in that event, the product liability action claiming damages for such personal injury, or property damage must be commenced within one year from the date such personal injury or property damage is or in the exercise of reasonable diligence should have been discovered by the plaintiff or the plaintiff's decedent, and in

---

[2] Plaintiffs do not cite the two-year statute which they believe governs their personal injury claims. The court believes plaintiffs' to be relying on ALA. CODE § 6-2-38(l), the residual provision that sets two-year statute of limitations on personal injury actions not given a statute of limitation elsewhere in the Code. ALA. CODE § 6-2-38(l) (1975).

>such cases each of the elements of the product liability action shall be deemed to accrue at the time the personal injury is or in the exercise of reasonable diligence should have been discovered by the plaintiff or the plaintiff's decedent. . .

ALA. CODE § 6-5-502 (1975).

ALA. CODE § 6-2-38(l) is Alabama's "residual personal-injury statute of limitations, which requires that '[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated' elsewhere in the Code 'must be brought within two years.'" Smith v. Evans, 829 So.2d 774, 776 (Ala. Civ. App. 2002) quoting ALA. CODE § 6-2-38(l) (1975) and citing Lott v. Tarver, 741 So.2d 394, 397 (Ala. 1999).

Clearly, if applicable, the one-year statute of limitations explicitly set forth in § 6-5-502 would apply to the exclusion of the residual two-year period provided by § 6-2-38(l). Plaintiffs argue that § 6-5-502 does not apply to the personal injury claims in the instant case because "[t]here is no claim for inhalation of 'toxic mold'." (Doc. 70). However, the complaint avers that "[p]laintiffs, George D. and Cynthia M. Johnson, have been subjected to **toxic mold** resulting from the water intrusion into the home which has resulted in severe pain and suffering and physical discomfort." (Doc. 1, emphasis added). Accordingly, the one-year period of § 6-5-502 clearly applies to plaintiffs' claims for toxic mold, and these claims are untimely.

Section 6-5-502 applies not only to personal injury claims for toxic mold, but to any latent claims that are the "result of ingestion of or exposure to some toxic or harmful or injury-producing substance, element or particle, including radiation, over a period of time as opposed to resulting from a sudden and fortuitous trauma". ALA. CODE § 6-5-502 (1975). Upon review of all evidence and the entire record of this case, the court finds that all of plaintiffs' claims for personal injury fall within this

description.  At the hearing on default, the plaintiffs both testified that neither had been subjected to anything that could conceivably be described as a "sudden and fortuitous trauma", and that all claims for injury, both mental and physical, stemmed from the gradual deterioration of the home's condition.

Plaintiffs' complaint, aside from two references to toxic mold, cites product defects that resulted in the home "suffering moisture damage and leakage inside the home [] causing personal injury to the Plaintiffs to include colds, allergies and sinus infections further resulting in substantial mental anguish and stress."  (Doc. 1).  As there is no mention of any sudden trauma, but instead a general exposure to harmful conditions over a period of time, these types of injury are covered by ALA. CODE § 6-5-502 and therefore are also subject to the one-year statute of limitation.

## CONCLUSION

After due consideration of all matters presented, and for the reasons set forth herein, the court finds that plaintiffs' claims are barred by the applicable statutes of limitation and that, accordingly, summary judgment for defendant as to all of plaintiffs' claims is due to be, and hereby is **GRANTED**.

**DONE and ORDERED** this 23rd day of May, 2005.

/s/ Callie V. S. Granade
CHIEF U.S. DISTRICT JUDGE